**Exhibit "H"**

# RESTATED TRUST AGREEMENT
# OF PLUMBERS LOCAL UNION NO. 1
# TRADE EDUCATION FUND

THIS TRUST AGREEMENT is made and entered into effective the $\underline{21}^{st}$ day of $\underline{Oct}$, 1999 in the State of New York, by and between Plumbers Local Union No. 1 (hereinafter referred to as the "Union"), the Association of Contracting Plumbers of the City of New York, Inc. (hereinafter referred to as the "Association") on behalf of Employers (hereinafter referred to as "Employers") who may from time to time contribute to the Trust herein created pursuant to Collective Bargaining Agreements and the Trustees designated as described herein.

WHEREAS, the parties hereto believe that it is in the best interest of the employees represented by the Union, and the families and dependents of these employees, to provide for apprenticeship and journeyman education and training and for that purpose continue this Trust Fund; and

WHEREAS, the parties to this Trust have entered into Collective Bargaining Agreements which provide, among other things, that the Employers will make payments to a Fund to provide such education and training benefits to employees covered by the Collective Bargaining Agreements, and

NOW, THEREFORE, in consideration of the promises and of the mutual agreements contained in this Trust Agreement, the parties hereto agree to and adopt all of the terms and provisions contained herein and the Trustees declare that they will receive, hold, use and apply the contributions and any other money or

1

property which may come into their hands as Trustees for the exclusive benefit of the employees and their beneficiaries upon the terms, conditions and trusts, hereinafter stated.

## ARTICLE I
## DEFINITIONS

Unless the context or subject matter requires otherwise, the following definitions will govern in this Trust Agreement:

Section 1. Collective Bargaining Agreement. "Collective Bargaining Agreement" means a written labor contract or other written agreement between the Union and an Employer or the Association that requires contributions to this Fund in a manner acceptable to the Trustees together with any modifications, supplements or amendments thereto. The term also includes a written agreement between the United Association or a local or state labor organization and Employers or an Employer association or a signed participation agreement between the Fund and an Employer or Employer association which requires contributions to this Fund in a manner acceptable to the Trustees.

Section 2. Union. "Union" means Local Union No. 1 affiliated with the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada.

Section 3. Association. "Association" means the Association of

2

Contracting Plumbers of the City of New York, Inc.

Section 4. Employer. "Employer" means:

a. An employer which is a member of or is represented in collective bargaining by the Association and which is bound by a Collective Bargaining Agreement providing for payments to the Trust Fund including payments with respect to employees represented by the Union or with respect to other employees of the employer approved by the Trustees, or which is otherwise required to make such payments.

b. An employer which is not a member of or represented in collective bargaining by the Association but which has executed a Collective Bargaining Agreement providing for payments to the Trust Fund including payments with respect to employees represented by the Union or with respect to other employees of the employer approved by the Trustees, or which is otherwise required to make such payments.

c. An employer which has by agreement with the United Association agreed to make payments into the Trust Fund for work performed within the territorial or trade jurisdiction of the Union.

d. The Union, for the purpose of making payments into the Trust Fund as the employer of the employees of the Union for whom the Union agrees to

3

contribute to the Trust Fund in accordance with the rules adopted by the Trustees.

e. A state or local labor organization, for the purpose of making payments into the Trust Fund as the employer of the employees of such labor organizations who were previously participants in this Fund for which such labor organizations agree to contribute to the Trust Fund in accordance with the rules adopted by the Trustees.

f. This Trust Fund or other trust funds to which the Union is a party, and the Plumbing Industry Board as the administrative office of the Local 1 Funds, for the purpose of making payments into this Trust Fund as the employer of employees of such trust funds for which such trust funds agree to contribute to this Trust Fund in accordance with the rules adopted by the Trustees.

g. The Association, for the purpose of making payments into the Trust Fund as the employer of employees of such an association for which the association agrees to contribute to the Trust Fund in accordance with the rules adopted by the Trustees.

Provided, however, that the foregoing reference to the Union, or state or local labor organizations, the Plumbing Industry Board and trust funds as "Employers" will not convey to these organizations any right or privilege granted by this Trust Agreement to Employers who are contractors.

4

Section 5. Employee. "Employee" means those employees who are employed by any Employer as defined in Article I, Section 4, and on whose behalf contributions are required to be made to the Fund pursuant to a Collective Bargaining Agreement and such other persons as the Trustees determine to be employees under the Plan of Benefits.    The Trustees have the authority to adopt rules covering eligibility, termination of eligibility, reinstatement of eligibility, reporting, record keeping and contribution requirements for Employees.

Section 6.    Trustees.    "Trustees" means the Trustees designated and appointed in accordance with the terms of this Trust Agreement.

Section 7.    Trust Agreement.    "Trust Agreement" means this document including any amendments, supplements and modifications hereto.

Section 8.    ERISA.    "ERISA" means the Employee Retirement Income Security Act of 1974, any amendments as may from time to time be made and any regulations promulgated pursuant to the provisions of ERISA.

Section 9.    Plan of Benefits.    The term "Plan of Benefits" means the program of benefits, which may include apprentice and journeyman education and training and related benefits, established by the Board of Trustees pursuant to this Trust Agreement and as subsequently amended by the Trustees.

Section 10.    Trust Fund.    " Trust Fund" or "Fund" means the Trust

5

Fund provided for in this Trust Agreement, and means generally the monies, real and personal property, investments, insurance policies and other things of value which may comprise the corpus, income and additions to the Trust Fund.

## ARTICLE II
## CONTINUATION OF THE TRUST FUND

Section 1.   Continuation of the Trust Fund.   This Agreement continues a Trust Fund known as the Plumbers Local Union No. 1 Trade Education Fund.

Section 2.   Composition of Trust Fund.   The assets of this Trust Fund consist of (1) the sums of money that have been or will be paid or which are due and owing to the Fund by the Employers as required by Collective Bargaining Agreements; (2) the sums of money that have been or may be paid to the Fund by Employees; (3) all investments made therewith, the proceeds thereof and the income therefrom; (4) all policies of insurance including dividends, interest, refunds, or other sums payable to the Trustees on account of said policies; (5) all other contributions and payments to or due and owing to the Trustees from any source to the extent permitted by law; and (6) supplies, real and personal property and other assets used by the Trustees in the administration of the Fund.

Section 3.   Purpose of Trust Fund.   The Trust Fund created hereby is for the purpose of providing (1) apprentice and journeyman education and training and other benefits that may be permitted by law under a plan of benefits adopted by

6

the Trustees and (2) the means for financing the expenses of the Trustees in the
operation and administration of the Trust Fund, in accordance with this Trust
Agreement. This Trust is a multi-employer plan as that term is defined in Section
3(37) of ERISA.

Section 4. Irrevocable Purpose. The Trust created by this Trust
Agreement is an irrevocable trust established for the exclusive benefit of employees,
in accordance with Section 302(c) of the Labor-Management Relations Act of 1947,
as amended by Public Law 86-257, 1959, and in accordance with ERISA.

ARTICLE III
BOARD OF TRUSTEES

Section 1. Board of Trustees. The operation and administration of
the Fund will be the responsibility of a Board of Trustees, composed of eight (8)
Trustees, four (4) of whom will be Employer Trustees, designated and appointed by
the Association, and four (4) of whom will be Union Trustees, designated and
appointed by the Union.

There may also be up to eight (8) alternate Trustees. Up to four (4)
of the Alternate Trustees may be appointed by the Union and up to four (4) of the
Alternate Trustees may be appointed by the Association. The Alternate Trustees
shall serve in the place of any of the Trustees who are unable to attend a regular or
special meeting of the Trustees or who are temporarily incapacitated from serving.
At or before a meeting, the Union and the Association may designate one or more of

7

the Alternate Trustees to serve in the place, of any absent Union or Association Trustees respectively.

The composition of the Board of Trustees may be changed at any time by majority vote of the Trustees.

Section 2. Acceptance of Trusteeship. Each Trustee will sign a written acceptance and thereby will accept the Trust established by this Trust Agreement, will consent to act as Trustee and will agree to administer the Trust Fund as provided in this Trust Agreement. The written acceptance will be in a form satisfactory to the Trustees and consistent with ERISA and will be filed at the office of the Fund.

Section 3. Appointment and Removal of Trustees. Trustees representing the Employers will be appointed by the Association from among the members of the Association who are Employers or officers of Employers. Any Employer Trustee may be removed from office at any time for any reason by the Association. Trustees representing the Union will be appointed by the Union from among the officers of the Union. A Union Trustee may be removed from office at any time, for any reason, by the Union. Any such appointment or termination will be effective as stated in a written notice which will be given to the remaining Trustees.

Section 4. Name. The Trustees will conduct the business of the Fund and execute all documents in the name of the Plumbers Local

8

Union No. 1 Trade Education Fund.

Section 5.   Resignation and Replacement of Trustees.   A Trustee may resign and become and remain fully discharged from all further duty or responsibility under this Trust Agreement by giving thirty (30) days' written notice of such resignation to the Co-Chairmen of the Board of Trustees, or such notice as the remaining Trustees may accept as sufficient. The notice will state the date on which the resignation will take effect and the resignation will take effect on the date stated in the notice unless a successor Trustee is appointed at an earlier date, in which event the resignation will take effect immediately upon the appointment of the successor Trustee.

In the event of the resignation, death, incapacity or the unwillingness of any of the Trustees to serve, a successor Trustee will be designated by the Union or Association, as applicable, in accordance with this Trust Agreement. The remaining Trustees will be notified of such designation in writing.

Any successor Trustee designated as provided in this Trust Agreement will sign an acceptance of this Trust Agreement as provided in Section 2 of this Article, and will thereby become vested with all the rights, powers, discretion and duties of his predecessor Trustee.

Any retiring or terminated Trustee will promptly turn over to the remaining Trustees at the office of the Fund any and all records, books, documents,

monies and other property in his possession which are a part of the Trust Fund and related to the fulfillment of the Trustees' duties and responsibilities under this Trust Agreement.

The powers of the Trustees to act, as provided in this Trust Agreement, will not be impaired or limited in any way pending the designation of a successor Trustee to fill any vacancy.

Section 6. <u>Term of Trustees</u>. A Trustee will continue to serve until his death, incapacity, resignation, removal, or expiration of his term as established by the Union or Association, as applicable, designating the Trustee.

Section 7. <u>Payment of Trustees</u>. The Trustees may not receive compensation for the performance of their duties but may be reimbursed, in accordance with ERISA, for any reasonable and necessary expense that they may incur in the performance of their duties.

**ARTICLE IV**
**MEETINGS AND DECISIONS OF THE TRUSTEES**

Section 1. <u>Officers of the Trustees</u>. The Trustees will select from among themselves two Co-Chairmen of the Trustees to serve for a period that they will determine. When one Co-Chairman has been selected from among the Union Trustees, the other Co-Chairman will be selected from among the Employer Trustees and vice versa.

10

Section 2.   Meetings of the Trustees.   Regular meetings of the Trustees will be held at such times and places as determined by the Co-Chairmen. Reasonable notice of the meetings will be provided, except that meetings may be held at any time without notice if all the Trustees consent thereto in writing. Special meetings may be called by either Co-Chairman upon three (3) days' written notice. The Trustees will meet at least once each year and at such other times as they find it necessary to conduct their business.

Section 3.   Action of Trustees Without Meeting.   The Trustees may also take action without a meeting, in writing or by telephone conference call, provided that, in such cases, there must be unanimous agreement of all Trustees.

Section 4.   Quorum.   In any meeting of the Trustees, four (4) Trustees, consisting of at least two (2) Union Trustees and at least two (2) Employer Trustees, will constitute a quorum for the conduct of business. At all meetings, the Employer and Union Trustees will have equal voting strength.

Section 5.   Majority Vote of Trustees.   All action by the Trustees will be by majority decision of the Union Trustees present and voting and the majority decision of the Employer Trustees present and voting.   This requirement for a decision by a majority of both Union and Employer Trustees voting will apply not only to this Article but to any portion of this Trust Agreement which refers to action by

11

the Trustees.   If any matter presented to the Trustees for a decision cannot be decided because there is no quorum at two successive regular or special meetings, or because of a tie vote at any meeting, the matter may be submitted to arbitration, as stated in Article IX of this Trust Agreement.

Section 6.   Minutes of Meetings.   The Trustees or someone designated by them will keep minutes of all meetings. The minutes need not be verbatim.  Copies of the minutes will be sent to all the Trustees and to other persons as the Trustees may direct.  Minutes of a meeting will be reviewed and approved by the Trustees at the next meeting.

### ARTICLE V
### POWERS AND DUTIES OF TRUSTEES

Section 1.   Conduct of Trust Business.   The Trustees have the authority to control and manage the operation and administration of the Fund and will conduct the business and activities of the Fund in accordance with this Trust Agreement and applicable law. The Trustees will hold, manage and protect the Trust Fund and collect the income therefrom and contributions thereto.  The Trustees are the "Named Fiduciary" and the "Administrator" of the Fund as those terms are defined in ERISA.

Section 2. Use of the Trust Fund for Expenses and to Provide Benefits.

12

(a)     The Trustees have the power and authority to use and apply the Trust Fund to pay or provide for the payment of all reasonable and necessary expenses (i) to collect Employer contributions and payments and other monies and property to which they may be entitled and (ii) to administer this Trust Fund, including the purchase or lease of premises, material, supplies and equipment, (iii) to obtain such legal, consulting, investment, administrative, accounting, clerical and other services as they determine to be necessary or appropriate, and (iv) to perform such other acts as the Trustees, in their sole discretion, find necessary or appropriate to perform their duties.

(b)     The Trustees have the power and authority to use and apply the Trust Fund to pay or provide for the payment of apprentice and journeyman education and training benefits and other benefits to eligible Employees in accordance with the terms, provisions and conditions of the Plan of Benefits adopted by the Trustees pursuant to this Trust Agreement.

Section 3.    Construction and Determinations by Trustees.    Subject to the purposes of the Fund and the provisions of this Trust Agreement, the Trustees have full and exclusive discretionary authority to determine all questions of coverage and eligibility, method of providing for benefits and all other related matters.    They have full discretionary power to interpret the provisions of this Trust Agreement and

13

the Plan of Benefits, and the terms used in these documents and any rules and regulations issued in connection with these documents. Any such determination and any such interpretation adopted by the Trustees in good faith will be binding upon the Union, Association, Employers and Employees.

Section 4. General Powers. In addition to other powers set forth herein or conferred by law, the Trustees are hereby empowered to:

(a)    demand, collect, receive and hold contributions and take any action which they may find necessary or desirable to collect contributions due the Trust Fund;

(b)    compromise, settle, arbitrate and release claims or demands in favor of or against the Trust Fund or the Trustees on such terms and conditions as the Trustees - may determine to be advisable; commence or defend any -legal, equitable or administrative proceedings brought in connection with the Trust Fund and represent the Trust Fund in all such proceedings;

(c)    pay or provide for the payment of all reasonable and necessary expenses of collecting contributions and payments;

(d)    enter into any and all contracts and agreements for carrying out the terms of this Trust Agreement and the administration of the Fund;

(e)    enter into an investment contract or agreement with one or

14

more insurance companies for the investment and reinvestment of assets of the Trust Fund;

(f)    invest, reinvest and have invested and reinvested assets of this Trust Fund, without distinction between principal and income, in any type of investment the Trustees determine to be prudent. There is no limitation restricting investments in common stock to a percentage of the Trust Fund or to a percentage of the total market value of the Fund. The Trustees have the authority, with respect to any stocks, bonds or other real or personal property which they hold as Trustees, to exercise all the rights, powers and privileges which might be lawfully exercised by a person owning similar property in his own right;

(g)    register securities or other Trust Fund property in the name of the Trust Fund or of the Trustees, or in the names of one or more nominees of the Trustees and to hold instruments in bearer form;

(h)    enter into and terminate agency or custody agreements with a bank, trust company or other custodian chosen by them, under which agreements the Trustees may turn over to such bank, trust company or other custodian all or a portion of the funds held by them in this Trust for safekeeping, investment or reinvestment, on such terms as the Trustees determine to be advisable;

(i)    invest the assets of the Fund in a common, collective, or

15

commingled trust fund, to the extent permitted by ERISA and other applicable law. To the extent monies or other assets are transferred to a collective trust in exchange for an interest in the collective trust, the terms and conditions of the collective trust alone will govern the investment duties, responsibilities and powers of the trustees of the collective trust, and to the extent required by law, those terms, responsibilities, and powers will be incorporated herein by reference and will be part of this Trust Agreement;

(j)     sell, exchange, lease, convey, mortgage or dispose of any real or personal property, which is at any time a part of the Trust Fund, on terms which the Trustees determine to be proper, and to execute and deliver any and all instruments of conveyance, lease, mortgage or transfer in connection therewith;

(k)     pay or provide for the payment of all real and personal property taxes, income taxes and other taxes levied or assessed under applicable law upon or with respect to the Trust Fund or any money, property, or securities forming a part of the Fund;

(l) borrow money from any source at rates which they consider appropriate for the construction, purchase, renovation or maintenance of training facilities or for the purchase or lease of equipment for training or for any other purpose consistent with this Trust Agreement;

16

(m) purchase or rent equipment, purchase or rent improved or unimproved real estate and construct, renovate or use existing buildings for the purposes of this Trust Agreement;

(n) pay tuition or training expenses of apprentices or journeymen or of training instructors at a school or program approved by the Trustees;

(o) enter into an agreement or arrangement with other education and training funds for the establishment and operation of a training program, for the joint administration of training programs and/or for the operation of a training facility;

(p) retain such portion of the assets of the Trust Fund in cash or cash equivalents as the Trustees may determine to be desirable, without any liability for interest on such assets;

(q) establish and accumulate as part of the Trust Fund such reasonable reserve funds as the Trustees, in their sole discretion, determine to be necessary or desirable to carry out the purposes of the Trust Fund;

(r) allocate fiduciary responsibilities among the Trustees, or committees of the Trustees, delegate fiduciary duties to persons other than the Trustees, and delegate Trustee responsibilities to an investment manager as provided in this Trust Agreement and in accordance with the requirements of ERISA;

(s) appoint one or more investment managers, as that term is

17

defined in ERISA, and enter into an agreement with such investment managers, in accordance with the requirements of ERISA, delegating to the investment manager the responsibility to control and manage, acquire and dispose of all or a portion of the assets of the Trust Fund which the Trustees may specify;

(t)       enter into an agreement with an administrative manager to administer the office or offices of the Trust Fund and of the Trustees under the direction of the Trustees or a committee of the Trustees. The administrative manager will coordinate and administer the accounting, bookkeeping and clerical services, provide for the coordination of consulting services, prepare (in cooperation where appropriate with the consultant and independent auditor) all reports and other documents to be prepared, filed or distributed by the Trust Fund in accordance with law, assist in the collection of amounts due to the Trust Fund by Employers and Employees and perform such other duties and furnish other services as may be assigned, delegated or directed or as may be contracted by or on behalf of the Trustees;

(u)       employ an education and training director to operate and administer the offices of the education and training program, maintain education and training records, coordinate the education and training program, prepare reports of the program as may be required and to perform any other duties which may be

18

assigned or delegated by the Trustees;

(v) employ a qualified investment consultant to assist the Trustees in exercising their investment powers and authority by reviewing the investment performance, the investment policy and the types and kinds of investments made by the Trustees and/or the investment manager(s);

(w) engage one or more independent certified public accountants, qualified consultants and qualified legal counsel to perform all services as may be required by applicable law and such other services as the Trustees may determine to be necessary;

(x)    pay or provide for the payment from the Trust Fund of all costs incurred in obtaining the services of professionals, consultants, managers and other providers or services to the Fund as the Trustees determine to be necessary and in accordance with this Trust Agreement and applicable law;

(y)    designate an agent for service of legal process for the Trust Fund;

(z)    obtain policies of insurance, to the extent permitted by law, to insure the Trustees, the Trust Fund, employees and agents of the Trustees and of the Trust Fund while engaged in business and related activities for and on behalf of the Trust Fund (i) with respect to liability as a result of acts, errors or omissions of

19

the Trustees, employees or agents, and (ii) with respect to injuries or property damage. The cost of the premiums for such policies of insurance will be paid out of the Trust Fund to the extent permitted by ERISA;

(aa)   merge this Fund into or with another apprentice or journeyman education and training fund or to accept the transfer of all or a portion of the assets of another education and training fund in accordance with the provisions of ERISA;

(bb)   establish policies, rules and procedures which the Trustees determine to be necessary to accomplish the purposes of this Trust Agreement and which are not inconsistent with the terms of this Trust Agreement;

(cc)   exercise their discretionary authority to make all determinations concerning benefit coverage, eligibility, type, amount and duration of benefits;

(dd)   do any and all acts, whether or not expressly authorized in this Trust Agreement, which the Trustees determine to be necessary to accomplish the general objective and purpose of providing apprentice and journeyman education and training and related benefits to Employees.

Section 5.   Personal Liability.   Except to the extent liability is imposed by ERISA, no Trustee will be liable or responsible for his own acts or for any acts or defaults of any other fiduciary or party in interest or any other person. The

20

Trustees, to the extent permitted by applicable law, will not incur liability by acting on any document which they believe to be genuine and to contain a true statement of facts and, if applicable, to be signed by the proper person.

Section 6.    Reliance on Written Instruments and Professional Advice.  Any Trustee, to the extent permitted by ERISA, may rely upon any written document purporting to have been signed by a majority of the Trustees as conclusive evidence of the fact that a majority of the Trustees have taken the action stated to have been taken in such document.

The Trustees may, from time to time, consult with the Trust Fund's legal counsel and any other professionals. To the extent permitted by ERISA, the Trustees will be protected in acting upon the advice of such professionals.

Section 7.  Reliance by Others.  No party dealing with the Trustees will be obligated to see that the funds or property of the Trust Fund are applied to the stated purposes of the Trust, to see that the terms of this Trust Agreement have been complied with or to review the necessity of any act of the Trustees.    A document executed by the Trustees will be conclusive evidence in favor of any person relying on such a document that at the time the document was executed, the Trust was in full force and effect, that the document was executed in accordance with the terms and conditions of this Trust Agreement, and that the Trustees were

21

authorized and empowered to execute the document.

Section 8. Books of Account. The Trustees or their agent will keep true and accurate books of account and records of all transactions of the Trust Fund which will be open to the inspection of each of the Trustees at all times and which will be audited at least annually and at such other times as the Trustees determine it to be appropriate by a certified public accountant selected by the Trustees. Such audits will be available at all times for inspection by the Association, Employers, the Union and the Employees or their Beneficiaries at the principal office of the Trust Fund.

Section 9. Surety Bonds. The Trustees and any agents or employees who are empowered and authorized to sign checks and handle monies of the Trust Fund will be bonded by an authorized surety company qualified to write such bonds. The Trustees may also bond such other agents or employees of the Trust Fund as they determine to be appropriate. The cost of the premiums of such bonds will be paid out of the Trust Fund. The bonds will be in the amounts required by applicable law.

Section 10. Execution of Documents. In the course of operating the Trust Fund the Trustees will execute documents in the name of the Plumbers Local Union No. 1 Trade Education Fund. Documents may be signed by the Co-

22

Chairmen, or one or more Trustees authorized by resolution. Documents executed as provided above are binding on the Trustees and the Trust Fund.

## ARTICLE VI
## CONTRIBUTIONS TO THE TRUST FUND

Section 1. Contributions Held in Trust. The Trustees will receive and hold the payments provided for in this Trust Agreement and any other money or property which may be entrusted to them, as Trustees, with the powers and duties and for the uses and purposes set forth in this Trust Agreement. Neither the Union, the Association, the Employers or Employees will have any right, title or interest in or to the Trust Fund or any part of the Trust Fund except as required by law.

Section 2. Encumbrance of Benefits. The Plumbers Local Union No. 1 Trade Education Fund is an irrevocable trust for the sole and exclusive benefit of the Employees who are entitled to benefits under the Plan of Benefits.

All of the assets of the Trust Fund will be free from the interference and control of any creditor of the Union, the Association, the Employers or Employees. No benefits will be subject to assignment or other anticipation, nor subject to seizure or to sale under any legal, equitable or other process except as may be specifically permitted by the Trustees in accordance with applicable law. If any claim or benefit becomes or may become payable to any person other than the Employee entitled to the benefit, the Trustees have the power to withhold payment

23

of the benefit to the Employee until the assignment, encumbrance, anticipation or other legal process is canceled or withdrawn in a manner satisfactory to the Trustees. Until so canceled or withdrawn, the Trustees have the power and discretion to use and apply the benefits directly for the education and training of the Employee.

The Employers' contributions and payments due and owing to the Trust Fund are not and will not be considered wages due to Employees. The Trust Fund will not be liable for or subject to the debts, contracts or liabilities of the Union, the Association, Employers or Employees.

No Employee has the right to receive any part of the assets of this Trust Fund, except as provided by the Plan of Benefits.

Section 3. Rate of Contributions. Each of the Employers will pay to the Trustees the amount of money as established and provided for in Collective Bargaining Agreements. An Employer will also be obligated to pay the amounts established in such agreements following the expiration of a Collective Bargaining Agreement if the Employer is under a duty to pay such amounts pursuant to an obligation arising under the National Labor Relations Act. The obligations of each Employer under this Trust Agreement will be binding upon the Employers' successors and assigns to the extent provided by law.

Section 4. Mode of Payment and Reports. All payments required

24

by the Collective Bargaining Agreements as defined in Article I, Section 1 will be paid to the Trustees in the manner and form determined by the Trustees. The Employer will make all reports on contributions required by the Trustees in the performance of their duties under this Trust Agreement.

The Trustees may, at any time, designate a qualified representative to conduct an audit of the payroll, wage and other records of any Employer to permit the Trustees to determine whether the Employer is making full payments to the Trust Fund in the amounts required by the Collective Bargaining Agreement. Any data or information provided to the Trustees by an Employer or by the Union will be kept confidential and may not be disclosed by the Trustees to any third person, unless the Trustees decide that disclosure is necessary for the proper administration of the Fund.

Section 5. Presumptions Which Apply Where Records Are Not Sufficient. Employers bound to this Trust Agreement are required to keep records that are sufficient to allow the Fund's representative and/or auditor to determine which Employee performed work for which contributions and/or payments were required to be made to the Fund by the Employer and how many hours of such work were performed. If the Fund's representative and/or auditor determines that the Employer's records are not sufficient for this purpose, it will be presumed that any

25

individual who performed work for which contributions were required to be made to the Fund by the Employer during the period covered by the audit, spent his entire time performing such work. Therefore, unless other records are available to determine hours worked, a delinquency based on the work performed by such a person will be calculated by dividing the person's total compensation from the Employer by the applicable wage rate under the Collective Bargaining Agreement and multiplying by the appropriate rate of contribution.

Section 6. Default in Payment. Each Employer is responsible only for making contributions and payments that it is obligated to make on behalf of its Employees under its Collective Bargaining Agreement except as provided in this Trust Agreement. If an Employer does not pay any contribution or payment when due this will not relieve any other Employer of his obligation to make payments. Non-payment by one Employer of any contribution or payment when due does not impose on any other Employer, the Association or the Union any obligation with respect to such payments.

Regular, prompt and correct payment of amounts due by individual Employers to this Fund is essential for the maintenance of the Fund. It is extremely difficult, if not impossible, to establish the actual expense and damage to the Fund and to the benefit program provided by the Fund which will result from the failure of

26

an individual Employer to make payments in full within the specified time period established by the Trustees. Therefore, payments and the completed reporting forms are due by the twentieth (20th) day following the end of each calendar month. If an Employer does not file a report or make contributions within ten (10) calendar days of the due date, the following, in the discretion of the Trustees, will be added to and become a part of the amount due from the Employer: (1) liquidated damages for each monthly report or payment due in the amount of twenty percent (20%) of the amount due, plus interest at the rate of 12 percent (12%) from the due date to the date of payment; or (2) double interest as provided in ERISA. If an audit of an Employer's records discloses contributions due to the Fund, the Employer will also be obligated to pay the audit fee.

The Trustees have the power to take any action necessary to enforce the payment of contributions and other amounts due, which may include filing or intervening in any legal, equitable or administrative proceedings. All reasonable expenses incurred by the Trust Fund to enforce the payment of amounts due, including but not limited to, reasonable attorneys' fees, accountants' or auditor's fees and court costs will be added to the amount owed by the delinquent Employer in addition to the amount of contributions and payments due and the liquidated damages and interest provided for above. The Trustees have the authority to settle

27

or compromise any claim, suit, or legal action for less than full amount due or to waive amounts due or determine amounts due to be uncollectible when in the Trustees' discretion they determine it to be in the best interest of the Fund.

The Trustees or a committee appointed by the Trustees have the discretion to adopt such rules and procedures concerning payments to the Fund, audits, liquidated damages and to enforce the collection of delinquent contributions as they determine to be necessary. The Trustees may, in their discretion, require a bond or deposit as security for the prompt future payment of contributions and other amounts due to the Fund. The Trustees may, in their discretion, adopt special rules, including but not limited to, more frequent reporting and payment of contributions in the event an Employer has been repeatedly delinquent or based on the Employer's financial condition, if the Trustees determine that this is necessary to prevent or limit the size of a current or potential delinquency.

Section 7. Projection of Delinquency. Where an Employer is two or more months delinquent in making the contributions required on behalf of his Employees and has not submitted the required documents showing the Employees who worked for him and the hours worked, the Trustees may project as the amount of the delinquency the greater of (a) the average of the monthly payments or reports actually submitted by the Employer for the last three (3) months for which payments

28

or reports were submitted or (b) the average of the monthly payments or reports submitted by the Employer for the last twelve (12) months for which payments or reports were submitted. This projection of delinquency may be made in place of a demand for production of payroll documents, or if the Employer fails to provide such documents, in place of an audit. The projection may be used as a determination of payments due for each delinquent month, and may be used for purposes of any lawsuit, and no other proof need be provided by the Trustees to any court or arbitrator to compute the total payments due from the Employer for all delinquent months, exclusive of liquidated damages, interest, attorneys' fees and costs set out in this Article. This provision does not, however, limit the Trustees from seeking a greater amount than the projected delinquency if a greater amount is shown to be owed by records or other evidence.

**ARTICLE VII**
**PLAN OF BENEFITS**

Section 1. Benefits. The Trustees have full discretion and authority to adopt a Plan of Benefits which includes the eligibility requirements, type, amount and duration of benefits that are to be provided equally and without discrimination to eligible Employees, based on what the Trustees determine to be within the financial limitations of the Trust Fund. However, only apprentice and journeyman education and training and related benefits may be provided for under this Agreement.

29

Section 2. Eligibility Requirements for Benefits. The Trustees have full discretion and authority to determine the eligibility requirements for benefits provided by the Fund. They have full discretion and authority to adopt rules stating the eligibility requirements which will be binding on the Union, the Association, Employers, Employees, Beneficiaries and dependents and any other persons making claims.

Section 3. Written Plan of Benefits. The detailed basis on which payment of benefits is to be made pursuant to this Trust Agreement will be stated in the Plan of Benefits. The Plan of Benefits may be changed or modified by the Trustees at any time as the Trustees, in their discretion, determine is necessary based on the financial condition of the Fund, the needs of Employees and other related facts and circumstances. Any change or modification of the Plan of Benefits made by the Trustees will be stated in writing.

Section 4. Government Agency Approval. The Trust and the Plan of Benefits adopted by the Trustees will be structured and operated to qualify for approval by the Internal Revenue Service as a tax exempt Trust and Plan to ensure that the Employer contributions to the Fund are proper deductions for income tax purposes. In addition, the Plan of Benefits adopted by the Trustees will be structured and operated to qualify for approval by any other agency as may be required by

30

applicable law.    It is the intention of the Trustees to fully comply with all requirements of the Internal Revenue Code and ERISA.   The Trustees are authorized to file whatever applications and forms are necessary with the Internal Revenue Service or other agency to receive and maintain approval of the Trust and Plan of Benefits.

Section 5.    Limitation of Employer's and Union's Obligations.
Neither any Employer, nor the Association, nor the Union have any responsibility for the payment of any benefit under the Plan of Benefits.    The obligation of each Employer under the Plan is a separate one and is limited to paying into the Trust Fund the contributions that the Employer is obligated to make on behalf of its own Employees and other payments under the provisions of the applicable Collective Bargaining Agreement and under the provisions of this Trust Agreement.

ARTICLE VIII
CONTROVERSIES AND DISPUTES

Section 1.    Reliance on Records.    In connection with any controversy, claim, demand, lawsuit or other proceeding between the Union, the Association, any Employer, Employee or any other person and the Trustees, the Trustees are entitled to rely to the extent permitted by ERISA, on any facts that appear in the records of the Trustees; any documents on file with the Trustees, with the Union, the Association, or with an Employer; any facts certified to the Trustees

31

by the Union, the Association  or an Employer; any facts which are in the public record and any other evidence pertinent to the issue involved.

Section 2.  Submission to Trustees.  All questions or controversies of any type that arise in any manner or between any persons in connection with the Trust Fund or the operation of the Trust Fund including, but not limited to, a claim for benefits by an Employee or any other person, or concerning the interpretation of the language or meaning of the Plan of Benefits or this Trust Agreement or the rules and procedures adopted by the Trustees, or concerning any decision, document or account in connection with the operation of the Trust Fund or otherwise, will be submitted to the Trustees and the decision of the Trustees will be binding upon all persons dealing with the Trust Fund or claiming benefits under the Trust Fund.

Section 3.   Settling Disputes.   The Trustees may, in their sole discretion, compromise or settle any claim or controversy in the manner that they determine to be in the best interest of the Fund.  Any decision made by the Trustees to compromise or settle a claim or controversy, or any compromise or settlement agreement entered into by the Trustees, will be final and binding on all parties interested in this Trust.

Section 4.  Withholding Payment.  If a question or dispute arises concerning the proper person or persons to whom a payment is to be made under the

32

Plan of Benefits or this Trust, the Trustees may withhold the payment until there has
been an adjudication of the question or dispute which is satisfactory to the Trustees'
in their sole judgment or until the Trustees have been fully protected against loss by
an indemnification agreement or bond which the Trustees, in their sole judgment,
determine is adequate.

## ARTICLE IX
## ARBITRATION

Section 1.   Application of this Article.   If the Trustees cannot decide
any matter, issue or dispute because there is no quorum at two (2) successive regular
or special meetings of the Trustees, or because there is a tie vote between the
Employer and Union Trustees at any meeting, then, in either event, the Employer
Trustees and the Union Trustees will attempt to agree upon the designation of an
impartial umpire to decide the dispute. If, within thirty (30) days after the occurrence
of either of the two events referred to above the Union Trustees and the Employer
Trustees fail to agree upon the selection of an impartial arbitrator, then the Union
Trustees or Employer Trustees may request the American Arbitration Association to
submit a panel of five (5) arbitrators from which the disputing parties will choose one
(1). The decision of the impartial arbitrator will be final and binding on all parties and
persons concerned.

Section 2.   Expenses of Arbitration.   All reasonable and necessary

33

costs and expenses in connection with the proceedings before the impartial arbitrator, including the fee, if any, of the impartial arbitrator and including attorneys' fees incurred by the Trustees in connection with the dispute which are mutually agreed upon by the Union and Employer Trustees, is a proper charge against the Trust Fund and the Trustees are authorized and directed to pay such charges.

Section 3.   Status of Arbitrator.   An impartial arbitrator or umpire agreed upon or appointed to decide any matter relating to the administration of the Trust Fund or Plan of Benefits will be a fiduciary to the extent provided by ERISA or court or agency interpretations of ERISA.

## ARTICLE X
### EXECUTION OF TRUST AGREEMENT

Section 1. Counterparts.  This Trust Agreement may be executed in one or more counterparts.   The signature of a person on any counterpart will be sufficient evidence of his execution of the Trust Agreement.

Section 2.   Written Instruments.  Employers, as defined in Article I, Section 4, may adopt and become a party to this Trust Agreement by signing a Collective Bargaining Agreement in which the Employer agrees to participate in the Trust Fund under the terms of this Trust Agreement and the rules and procedures adopted by the Trustees.

## ARTICLE XI
## AMENDMENT TO TRUST AGREEMENT

Section 1.  Amendment by Trustees.  The provisions of this Trust
Agreement may be amended to any extent and at any time by a document in writing
adopted by a majority of the Union Trustees and a majority of the Employer Trustees.
It is expressly understood and agreed that no amendment will direct any of the trust
assets then in the hands of the Trustees from the purposes and objects of the Trust
Fund.

Section 2.  Retroactive Effect.  The Trustees have full power and
discretion to establish the effective date of any Amendment.  Any Amendment may
have retroactive effect if it is determined to be necessary by the Trustees.

## ARTICLE XII
## TERMINATION OF TRUST

Section 1.  By the Trustees.  This Trust Agreement may be
terminated by a document in writing adopted a majority of the Union Trustees and a
majority of the Employer Trustees if any one or more of the following events occur:

(a)  If, in the opinion of the Trustees, the Trust Fund is not
adequate to carry out the intent and purpose of this Trust Agreement, or is not
adequate to meet the payments due or which may become due under the Plan of
Benefits;

35

       (b)     if there are no individuals living who can qualify as Employees under this Trust Agreement;

       (c)     if Collective Bargaining Agreements requiring contributions to the Trust Fund are no longer in force and effect.

       Section 2.  Procedure on Termination.  If this Trust Agreement is terminated, the Trustees will:

       (a)     provide for the payment out of the Trust Fund of expenses incurred up to the date of termination of the Trust and the expenses in connection with the termination;

       (b)     arrange for a final audit and report of their transactions and accounts for the purpose of terminating their Trusteeship;

       (c)     give any notice and prepare and file any reports which may be required by law; and

       (d)     apply the Trust Fund in accordance with the provisions of the Plan of Benefits including amendments adopted as part of the termination until the Fund is disbursed.

       No part of the corpus or income of the Trust Fund will be used for or diverted to purposes other than for the exclusive benefit of the Employees or the

administrative expenses of the Trust Fund. Under no circumstances will any portion
of the Trust Fund revert or inure to the benefit of any contributing Employer, the
Association or the Union either directly or indirectly.

Section 3. Notification of Termination. Upon termination of the
Trust Fund under this Article, the Trustees will promptly notify the Union, the
Association, Employers, and all other interested parties. The Trustees will continue
as Trustees for the purpose of winding up the affairs of the Trust Fund.

## ARTICLE XII
## MISCELLANEOUS PROVISIONS

Section 1. Termination of Individual Employers. An Employer will
cease to be an Employer within the meaning of this Trust Agreement when he is no
longer obligated, pursuant to a Collective Bargaining Agreement, to make
contributions to this Trust Fund.

Section 2. Situs. The State of New York is the situs of the Trust
Fund established by this Trust Agreement. All questions pertaining to validity,
construction and administration of this Trust Fund will be determined in accordance
with the laws of the State of New York to the extent not preempted by the laws of
the United States.

37

Section 3.  Construction of Terms.  Wherever any words are used in this Trust Agreement in the masculine gender, they will be interpreted and applied as though they are also used in the feminine or neuter gender, in all situations where this would apply.  Wherever any words are used in this Trust Agreement in the singular form, they will be interpreted and applied as though they are also used in the plural form in all situations where this would apply.  Wherever any words are used in this Trust Agreement in the plural form, they will be interpreted and applied as though they are also used in the singular form in all situations where this would apply.

Section 4.  Notice.  Any notice required to be given to one or more of the Trustees pursuant to any provision of this Trust Agreement will be deemed to have been given if it is mailed to the Trustee or Trustees at the most recent address of the Trustee on file with the Trust Fund.

Section 5.  Severability.  If any provision in this Trust Agreement, the Plan of Benefits or rules and procedures adopted thereunder, or in any Collective Bargaining Agreement, is determined to be illegal or invalid for any reason, this determination will not affect other provisions contained in those documents, unless the determination concerning the illegal or invalid provision would make the

38

functioning of the Trust Fund or the Plan of Benefits impossible or impractical. In such case, the appropriate parties will promptly adopt a new provision to take the place of the illegal or invalid provision.

Section 6. Refund of Contributions. In no event, will any Employer, directly or indirectly, receive any refund of contributions made by him to the Trust Fund except as provided in ERISA. Under no circumstances will any portion of the Trust Fund revert or inure to the benefit of any contributing Employer, the Association or the Union either directly or indirectly.

Section 7. Article and Section Titles. The Article and Section titles are included solely for convenience and will not be interpreted to affect or modify any provision of this Trust Agreement or be interpreted as provisions of this Trust Agreement.

Section 8. Benefits Payable from Trust Fund Only. Benefits provided for by this Trust Agreement and/or the Plan of Benefits are only payable to the extent there are assets in the Fund to pay such benefits. Neither the Trustees, nor the Union, the Association or Employers guarantee the payment of benefits, in the event the assets of the Fund are insufficient for this purpose.

Section 9. Complete Agreement. The provisions of this Trust

39

Agreement exclusively will define the powers, duties, rights and obligations of all persons who have a relation to the Trust, except that the amount of the employer contributions will be provided for in Collective Bargaining Agreements.

IN WITNESS WHEREOF, the undersigned have adopted and executed this document, as evidence of their acceptance of the Trust hereby established and their agreement to be bound by the Trust this 21st day of October _, 1999.

PLUMBERS LOCAL UNION NO. 1

*Donald Sclafani*

ASSOCIATION OF CONTRACTING PLUMBERS OF THE CITY OF NEW YORK, INC.

*[signature]*

UNION TRUSTEES

*Donald Sclafani*
*George W. Reilly*
*Joseph A. Santoro*
*[signature]*

EMPLOYER TRUSTEES

*[signatures]*

40

## NOTICE LIST

**TO:**   People's Revolution, Inc., 62 Grand Street, New York, New York 10013